UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARMINDER SINGH et al., | No. 2:16-cv-02179-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| KATHERINE A. MOLLENBERG, et. al, | |
| Defendants. | |

The issue in this case is unlawful detainment, with an amount in controversy of less than $3,000. *See* ECF No. 1 at 8. Defendants Katherine A. Mollenberg and Ed Richards filed motions to proceed in forma pauperis. ECF Nos. 2, 3.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "If at any time

1

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the court finds the case should be remanded to Sacramento County Superior Court.  Because the amount in controversy is less than $75,000, and the main issue turns on state law, removal is improper because this court does not have subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441.

This case is remanded to Sacramento County Superior Court.  Defendants' IFP motions are DENIED as MOOT.

This resolves ECF Nos. 1, 2, and 3.

IT IS SO ORDERED.

DATED: September 19, 2016

_____
UNITED STATES DISTRICT JUDGE